# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

In re:                                              )
                                                    ) Case No. 17-18575
Darryl Swindle,                                     )
                                                    ) Chapter 13
        Debtor.                                     )
                                                    ) Judge Jacqueline P. Cox
                                                    )

JACQUELINE P. COX, Bankruptcy Judge

## Order on Ms. Ebony Lucas' Motion for Reconsideration

This matter comes before the court on Ebony Lucas' (hereinafter Ms. Lucas) Motion for Reconsideration of Emotional Distress and Punitive Damages along with her response to Debtor's Petition for Attorney Fees. *See* Dkt. 54. Pursuant to an evidentiary hearing on Ms. Lucas' willful violation of the automatic stay under 11 U.S.C. § 362(k), this court awarded Mr. Swindle $1652.74 in actual damages; $500.00 in damages for emotional distress; $1,000.00 in punitive damages; and provided leave for the Debtor to file a petition for attorney fees incurred. *See* Dkt. 48. Ms. Lucas objects to the damages award for emotional distress, punitive damages, and attorney's fees.

Ms. Lucas asserts that emotional damages are not justified because the testimony and evidence failed to show that the Debtor sought medical treatment or experienced any feelings that would suggest emotional distress. The court disagrees. The Debtor was warned of an eviction on one day's notice due to Ms. Lucas' failure to undo the order of possession. Facing eviction, the Debtor credibly testified to the worry and fear he had of having to call his family members to find housing for his son. Ms. Lucas directs the court to a case which held that there

must be some medical or other corroborating evidence to support the debtor's claim which shows that the debtor suffered something more than just fleeting and inconsequential distress, embarrassment, humiliation and annoyance. *Aiello v. Providian Fin. Corp.*, 257 B.R. 245, 252 (N.D. Ill. 2000), *aff'd*, 239 F.3d 876 (7th Cir. 2001). However, the facts in *Aiello* are distinguishable from the case at bar. *Aiello* concerned a creditor who violated the automatic stay by sending a threatening and intimidating letter to the debtor post-petition with the intent to coerce her into signing a reaffirmation agreement. *Id.* Ms. Lucas' actions were more egregious than sending a threatening letter. Ms. Lucas violated the automatic stay for four months by failing to undo the order of possession despite having received notice of the automatic stay and the bankruptcy. Moreover, Ms. Lucas attempted to evict the Debtor despite having notice of the automatic stay. It was only by chance that the Debtor was not evicted but for the Board President of the Condominium Association going out of his way to tell the Debtor about the eviction when Ms. Lucas specifically told her client not to forewarn the Debtor. The modest $500.00 damages award for emotional distress stands.

Ms. Lucas further argues that punitive damages were not appropriate because she informed the Cook County Sheriff of the bankruptcy in June 2017, shortly after she learned of the bankruptcy. This court disagrees. Due to Ms. Lucas' non-compliance with this court's order requiring prior disclosure of exhibits and witnesses, she was barred from presenting any evidence at trial to substantiate her claim of informing the Cook County Sheriff's office. The $1,000.00 award for punitive damages stands.

Lastly, Ms. Lucas opposes the Debtor's application for attorney's fees. Ms. Lucas contends that 11 U.S.C. § 362(k) "does not provide for attorney's fees. It provides that a debtor injured by a willful violation of the stay may recover attorney's fees to the extent that they are

part of her damages." *In re Thompson*, 426 B.R. 759, 765 (Bankr. N.D. Ill. 2010) (internal citations omitted). The court disagrees because the fees sought are awarded per the Court Approved Retention Agreement (hereinafter "CARA"), not 11 U.S.C. § 362(k). As the footnote in the memorandum opinion explained;

> When the attorneys have to engage in discovery, file complex motions of adversary proceedings and litigate such, the CARA provides "in extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services." *In re Anderson*, No. 14 B 11526, 2016 WL 6833907, slip op. at 2 (Bankr. N.D. Ill. Nov. 18, 2016) (quoting CARA (revised March 15, 2011), p. 2-3). The CARA used in this case has the same provision for attorney's fees covering extraordinary circumstances. Dkt. 12, Exhibit 6, p. 6 ¶ 4). This proceeding qualifies as an extraordinary proceeding. Dkt. 48, p. 13.

Therefore, the Debtor's petition for attorney's fees is granted. The court awards the Debtor's attorney fees in the amount of $1500.00. *See* Dkt. 52.

For the foregoing reasons;

> Ms. Ebony's Motion for Reconsideration (Dkt. 54) is DENIED; and

> Debtor's Petition for Attorney's Fees (Dkt. 52) is GRANTED.

So Ordered.

*Jacqueline P. Cox*
Judge Jacqueline P. Cox

March 29, 2018